UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re VICURON PHARMACEUTICALS, INC. ) | Civ. Action No. 04-CV-2627 |
| SECURITIES LITIGATION ) | |
| ) | STIPULATION OF SETTLEMENT |
| ) | |
| This Document Relates To: ) | |
| ) | |
| ALL ACTIONS. ) | |
| ) | |

This Stipulation of Settlement dated as of January 5, 2007 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined further in Section IV hereof) to the above-entitled Litigation: (i) Lead Plaintiffs (on behalf of themselves and each of the Class Members), by and through their counsel of record in the Litigation; and (ii) the Defendants, by and through their counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I.    THE LITIGATION

On and after June 15, 2004, six securities class action lawsuits were filed in the United States District Court for the Eastern District of Pennsylvania (the "Court") on behalf of those who purchased Vicuron Pharmaceuticals, Inc. ("Vicuron" or the "Company") securities during the period between January 6, 2003 and May 24, 2004, inclusive (the "Litigation"). Named as Defendants in the Litigation were Vicuron, George F. Horner III, Dov A. Goldstein, Timothy J. Henkel, Claudio Quarta, David V. Milligan, Christopher T. Walsh, James H. Cavanaugh, Constantino Ambrosio, Ubaldo Livolsi and Francesco Parenti.

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on August 23, 2004, the Court entered the parties' stipulation regarding consolidation of the six actions, and on October 6, 2004, the Court appointed the Massachusetts State Guaranteed Annuity Fund, Massachusetts State Carpenters Pension Fund and Greater Pennsylvania Carpenters Pension Fund as Lead Plaintiffs, and approved Lead Plaintiffs' choice of Lead and Liaison Counsel. Lead Plaintiffs maintained claims for Defendants' alleged violations of §11 of the Securities Act of 1933 and §§10(b) and 20(a) of the Securities Exchange Act of 1934. Lead Plaintiffs alleged that throughout the period from January 6, 2003 through May 24, 2004 (the "Class Period"), Defendants made misrepresentations about the results of clinical studies of Vicuron's lead drug candidate, Anidulafungin, as a potential treatment for esophageal candidiasis, a serious infection of the

esophagus. Lead Plaintiffs alleged that as a result of these misrepresentations, Vicuron's stock traded at artificially high prices of up to $23.90 during the Class Period and the Company was able to raise $83 million in a secondary public offering.

Defendants' motion to dismiss was denied on July 1, 2005. Following the Court's ruling on Defendants' motion to dismiss, the parties commenced merits and class discovery, propounding document requests and interrogatories on the parties, and subpoenas on numerous third parties. Document discovery had commenced at the time the settlement was reached. The Court granted Lead Plaintiffs' motion for class certification on February 1, 2006.

The parties conducted a mediation before the Honorable Daniel Weinstein (Ret.) on January 26, 2006. Following that mediation, the parties held additional discussions, and reached an agreement to settle the Litigation on the terms set forth herein.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Lead Plaintiffs in the Litigation. The Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Lead Plaintiffs or the Class have suffered damage, that the prices of Vicuron securities were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, and that the Lead Plaintiffs or the Class were harmed by the conduct alleged in the complaint.

Nonetheless, the Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation. The Defendants have, therefore, determined that it is desirable and beneficial to

- 2 -

them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.    CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

The Lead Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, the Lead Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and through appeals. The Lead Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. The Lead Plaintiffs also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. The Lead Plaintiffs believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, the Lead Plaintiffs and Plaintiffs' Settlement Counsel have determined that the settlement set forth in the Stipulation is in the best interests of the Lead Plaintiffs and the Class.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Lead Plaintiffs (for themselves and the Class Members) and the Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.    Definitions

As used in the Stipulation the following terms have the meanings specified below:

- 3 -

1.1    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.3    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.4    "Class" means all Persons who purchased or otherwise acquired the securities of Vicuron between January 6, 2003 and May 24, 2004, inclusive.  Excluded from the Class are Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has a controlling interest and the legal affiliates, representatives, heirs, controlling persons, predecessors, successors or assigns.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing.

1.5    "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.4 of the Stipulation.

1.6    "Class Period" means the period between January 6, 2003 and May 24, 2004, inclusive.

1.7    "Defendants" means Vicuron, George F. Horner III, Dov A. Goldstein, Timothy J. Henkel, Claudio Quarta, David V. Milligan, Christopher T. Walsh, James H. Cavanaugh, Constantino Ambrosio, Ubaldo Livolsi and Francesco Parenti.

1.8    "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.9    "Escrow Agent" means San Diego National Bank pursuant to written escrow instructions which Plaintiffs' Settlement Counsel and Vicuron's insurers approve.  Upon the

Effective Date of the settlement, the Escrow Agent shall be Lerach Coughlin Stoia Geller Rudman & Robbins LLP or its successor(s).

 1.10 "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B hereto, shall occur: (i) the expiration of three (3) business days after the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Judgment has passed without any appeal having been taken (which date shall be deemed to be thirty-three (33) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the thirty-third (33rd) day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such thirty-third (33rd) day; and (iii) if such motion to alter or amend is filed or if an appeal is taken, three (3) business days after the determination of that motion or appeal in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of expenses or the Plan of Allocation of the Settlement Fund. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any plan of distribution and/or application for attorneys' fees, costs or expenses, shall not in any way delay or preclude the Order and Final Judgment from becoming Final.

 1.11 "Individual Defendants" means George F. Horner III, Dov A. Goldstein, Timothy J. Henkel, Claudio Quarta, David V. Milligan, Christopher T. Walsh, James H. Cavanaugh, Constantino Ambrosio, Ubaldo Livolsi and Francesco Parenti.

 1.12 "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.13 "Lead Plaintiffs" means the Massachusetts State Guaranteed Annuity Fund, the Massachusetts State Carpenters Pension Fund and the Greater Pennsylvania Carpenters Pension Fund.

1.14 "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.15 "Plaintiffs' Counsel" means any counsel who have appeared for the plaintiffs in the Litigation.

1.16 "Plaintiffs' Settlement Counsel" means: Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, California, 92101; and Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Samuel H. Rudman, 58 South Service Road, Suite 200, Melville, New York 11747.

1.17 "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses and such attorneys' fees, costs, expenses and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and Defendants and their Related Parties shall have no responsibility therefore or liability with respect thereto.

1.18 "Related Parties" means Pfizer Inc., each of Pfizer Inc.'s and any Defendants' past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, attorneys, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of a Defendant's immediate family, or

- 6 -

any trust of which any Defendant or Pfizer Inc. is the settlor or which is for the benefit of a Defendant's family.

      1.19    "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined in ¶1.23 hereof), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, by the Lead Plaintiffs or any Class Member against the Defendants or their Related Parties arising out of, based upon or related in any way to both the purchase or other acquisition of Vicuron securities by the Lead Plaintiffs or any Class Member during the Class Period, and the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were or could have been alleged in the Litigation. Released Claims also includes the claims which were alleged or which could have been alleged in the action entitled *Jonathan Meyers, derivatively on behalf of Vicuron Pharmaceuticals, Inc. v. George F. Horner, III, et al.*, Court of Common Pleas, Montgomery County, Pennsylvania, Case No. 04-19595 (the "Derivative Action").

      1.20    "Released Persons" means each and all of the Defendants and each and all of their Related Parties.

      1.21    "Settlement Fund" means the principal amount of Twelve Million Seven Hundred and Fifty Thousand Dollars ($12,750,000.00) in cash to be paid by wire transfer to the Escrow Agent pursuant to ¶2.1 of this Stipulation, plus all interest earned thereon pursuant to ¶¶2.1, 2.2 and 2.6.

      1.22    "Settling Parties" means, collectively, each of the Defendants and the Lead Plaintiffs on behalf of themselves and Class Members.

- 7 -

1.23    "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description which the Lead Plaintiffs or any Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiffs shall expressly fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to

- 8 -

the subsequent discovery or existence of such different or additional facts. The Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

### 2.    The Settlement

#### a.    The Settlement Fund

2.1    The principal amount of $12,750,000.00 in cash shall be transferred by Vicuron's Insurers to the Escrow Agent as follows: $150,000 shall be transferred within ten (10) calendar days of the Court's preliminary approval of the settlement. The balance of $12,600,000 shall be transferred within three (3) business days of the receipt of notice of entry of the Judgment. If the agreed upon sums are not so transferred, the Lead Plaintiffs shall have the option to terminate the settlement or require the Insurers to pay interest on the unpaid amount at a rate of one percent above the published three-month LIBOR rate per annum from the due date until paid. Under no circumstances shall the Defendants or Pfizer Inc. be required to make the payments referred to in this paragraph.

#### b.    The Escrow Agent

2.2    The Escrow Agent may invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all risks related to investment of the Settlement Fund.

2.3    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants or as otherwise provided in the Escrow Agreement. Counsel for the Defendants shall obtain the consent

- 9 -

of Vicuron's Insurers prior to giving any such written agreement, provided the Insurers shall not unreasonably withhold such consent.

2.4    Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Class Members as are consistent with the terms of the Stipulation.

2.5    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.6    Upon payment of the initial $150,000 to the Escrow Agent pursuant to ¶2.1 hereof, the Escrow Agent may establish a "Class Notice and Administration Fund," which shall be used by Plaintiffs' Settlement Counsel to pay costs and expenses reasonably and actually incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any. The Class Notice and Administration Fund may also be invested and earn interest as provided for in ¶2.2 of this Stipulation.

c.    **Taxes**

2.7    (a)    Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

- 10 -

(b)     For the purpose of Treas. Reg. §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. Plaintiffs' Settlement Counsel shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.7(a) hereof) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

(c)     All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Defendants or their Related Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in no event shall the Defendants or their Related Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses. The Escrow Agent shall indemnify and hold each of the Defendants and their Related Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized

- 11 -

Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither the Defendants nor their Related Parties are responsible therefore nor shall they have any liability with respect thereto. The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

      (d)    For the purpose of this ¶2.7, references to the Settlement Fund shall include both the Settlement Fund and the Class Notice and Administration Fund and shall also include any earnings thereon.

      **d.**    **Termination of Settlement**

2.8    In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest) less expenses actually incurred or due and owing in connection with the settlement provided for herein shall be refunded to Vicuron's Insurers as provided in ¶7.3 below.

      **3.**    **Notice Order and Settlement Hearing**

3.1    Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Notice Order"), substantially in the form of Exhibit A hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation and approval for mailing the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") substantially in the form of Exhibit A-1 hereto and publication of a summary notice substantially in the form of Exhibit A-3 hereto. The Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application and the date of the Settlement Hearing.

3.2     Plaintiffs' Settlement Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and finally approve the settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Plaintiffs' Settlement Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**4.    Releases**

4.1     Upon the Effective Date, as defined in ¶1.8 hereof, the Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form. By entering this Stipulation, the Lead Plaintiffs represent and warrant that they have not assigned, hypothecated, transferred, or otherwise granted any interest in the Released Claims, or any of them, to any other party or entity. The Lead Plaintiffs, on behalf themselves and the other Class Members, acknowledge that the foregoing waiver was bargained for and a key element of the settlement of which this release is a part.

4.2     The Proof of Claim and Release form to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 hereto.

4.3     Upon the Effective Date, as defined in ¶1.8 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Lead Plaintiffs, Class Members and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

5.    **Administration and Calculation of Claims, Final Awards and Supervision and Distribution of Settlement Fund**

5.1    The Claims Administrator shall administer and calculate the claims submitted by Class Members.

5.2    The Settlement Fund shall be applied as follows:

(a)    To pay Plaintiffs' Counsel's attorneys' fees and expenses with interest thereon (the "Fee and Expense Award"), if and to the extent allowed by the Court;

(b)    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

(c)    to pay the Taxes and Tax Expenses described in ¶2.7 hereof; and

(d)    to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the terms of this Stipulation.

5.4    Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant.

5.5     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment.

5.6     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Plaintiffs' Settlement Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization.

5.7     This is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the settlement becomes Final, no portion of the Settlement Fund will be returned to Defendants. The Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

5.8     No Person shall have any claim against the Escrow Agent, Plaintiffs' Settlement Counsel, the Claims Administrator or other entity designated by Plaintiffs' Settlement Counsel based on distributions made substantially in accordance with this Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court. Nor shall any Person have any claim against the Escrow Agent as long as the Escrow Agent performs its duties in accordance with, and consistent with the Escrow Agreement.

- 15 -

5.9    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

## 6.    Plaintiffs' Counsel's Attorneys' Fees and Reimbursement of Expenses

6.1    Plaintiffs' Settlement Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual expenses, including the fees of any experts or consultants, incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid). Plaintiffs' Settlement Counsel reserve the right to make additional applications for fees and expenses incurred.

6.2    The attorneys' fees and expenses, as awarded by the Court, shall be paid to Plaintiffs' Settlement Counsel from the Settlement Fund, as ordered, immediately after the Effective Date, unless an appeal is taken from the Court's final approval. Nonetheless, the fees and expenses shall be paid to Plaintiffs' Settlement Counsel notwithstanding the existence of any timely filed objections only challenging the amount of fees or Plan of Allocation, subject to Plaintiffs' Counsel's joint and several obligation to make appropriate refunds or repayments to the Settlement Fund, plus interest at the rate paid on the escrow account by the financial institution holding it, if and when, as a result of any appeal and/or further proceeding on remand, or successful collateral attack, the Fee and Expense

- 16 -

Award is reduced or reversed, consistent with such reduction or reversal. Plaintiffs' Settlement Counsel shall thereafter allocate the attorneys' fees in a manner in which they in good faith believe reflects the contributions of counsel to the prosecution and settlement of the Litigation. Each such Plaintiffs' Counsel's law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3    The procedure for and the allowance or disallowance by the Court of any applications by Plaintiffs' Counsel for attorneys' fees and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund, are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein. Plaintiffs' Counsel's fee award is part of the settlement, but the settlement will not be delayed and is not conditioned on Plaintiffs' Counsel's fee award.

6.4    Defendants and their Related Parties shall have no responsibility for or liability with respect to any payment of attorneys' fees and expenses to Plaintiffs' Counsel over and above payment from the Settlement Fund.

6.5    Defendants and their Related Parties shall have no responsibility for or liability with respect to the allocation among Plaintiffs' Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation, and Defendants and their respective Related Parties take no position with respect to such matters.

- 17 -

7.    **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    Defendants have timely caused to be paid their contributions to the Settlement Fund as required by ¶2.1 hereof;

(b)    Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.6 hereof;

(c)    the Court has entered the Notice Order, as required by ¶3.1 hereof;

(d)    the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B hereto;

(e)    the Judgment has become Final, as defined in ¶1.10 hereof; and

(f)    the Derivative Action has been voluntarily dismissed and any necessary court approval has been given to such dismissal and no appeal therefrom is pending.

7.2    Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Plaintiffs' Settlement Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

7.3    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants, Vicuron's Insurers or Plaintiffs' Settlement Counsel to the Escrow Agent, subject to the terms of ¶2.8 hereof, the Settlement Fund (including accrued interest), plus any amount then remaining in the Class Notice and Administration Fund (including accrued interest), less expenses and any costs which have either been disbursed

pursuant to ¶2.6 hereof or are determined to be chargeable to the Class Notice and Administration Fund, shall be refunded by the Escrow Agent pursuant to written instructions from Vicuron's Insurers. At the request of counsel to the Defendants or Vicuron's Insurers, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, at the written direction of counsel to the Defendants or Vicuron's Insurers.

7.4    In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of April 2006. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶2.7, 2.8, 7.3-7.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to the Lead Plaintiffs or Plaintiffs' Counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.5    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Lead Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund. In addition, any expenses already incurred and properly chargeable to the Class Notice and Administration Fund pursuant to ¶2.6 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.8 and 7.3 hereof.

- 19 -

7.6    If prior to the Settlement Hearing, the aggregate number of shares of Vicuron securities purchased by Persons who would otherwise be Members of the Class, but who request exclusion from the Class, exceeds the sum specified in a separate "Supplemental Agreement" between the Settling Parties, Pfizer Inc. shall have, in its sole and absolute discretion, the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises.

## 8.    No Admission of Wrongdoing

8.1    This Stipulation, whether or not consummated, and any negotiations, discussions or proceedings in connection herewith shall not be:

(a)    offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any fact alleged by the Class Members or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b)    offered or received against any Defendant as evidence of a presumption, concession, of admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Lead Plaintiffs and the Class as evidence of any infirmity in the claims of the Lead Plaintiffs and the Class;

(c)    offered or received against any Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate

the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d)    construed against Defendants or the Lead Plaintiffs and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

**9.    Miscellaneous Provisions**

9.1    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Final Judgment will contain a statement that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.3    Defendants and/or their Related Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or

- 21 -

reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.4    In accordance with §21D(f)(7)(A) of the PSLRA, 15 U.S.C. §78u-4(f)(7)(A), each of the Released Persons, by virtue of the Judgment, is discharged from all claims for contribution that have been or may hereafter be brought by any Person based upon, related to, or arising out of the Released Claims.

9.5    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.6    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.7    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.8    This Stipulation, the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs.

9.9    Plaintiffs' Settlement Counsel, on behalf of the Class, are expressly authorized by the Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

9.10    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

- 22 -

9.11    The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

9.12    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

9.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

9.14    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

9.15    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the Commonwealth of Pennsylvania, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the Commonwealth of Pennsylvania without giving effect to that Commonwealth's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of January 5, 2007.

> LAW OFFICES OF MARC S. HENZEL
> MARC S. HENZEL (MSH 2062)
> 273 Montgomery Avenue, Suite 202
> Bala Cynwyd, PA  19004
> Telephone:  610/660-8000
> 610/660-8080 (fax)
>
> Liaison Counsel

- 23 -

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
LAURA M. ANDRACCHIO
ELLEN GUSIKOFF STEWART
TED MINAHAN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
DAVID A. ROSENFELD


                SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
LESLEY E. WEAVER
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

KRAKOW & SOURIS, LLC
AARON D. KRAKOW
225 Friend Street
Boston, MA 02114
Telephone: 617/723-8440
617/723-8443 (fax)

Counsel for Plaintiffs


- 24 -

CADWALADER, WICKERSHAM
& TAFT LLP
GREGORY A. MARKEL

_____
GREGORY A. MARKEL

One World Financial Center
New York, NY 10281
Telephone: 212/504-6000
212/504-6666 (fax)

Attorneys for Defendant Vicuron
Pharmaceuticals, Inc.

O'MELVENY & MYERS LLP
SETH ARONSON

_____
SETH ARONSON

400 South Hope Street
Suite 1060
Los Angeles, CA 90071-2899
Telephone: 213/430-6000
213/430-6407 (fax)

Attorneys for the Individual Defendants

C:\Documents and Settings\pfanning\Local Settings\Temporary Internet Files\OLK406\(6820150)_(2)_Vicuron Stip doc.DOC

CADWALADER, WICKERSHAM
 & TAFT LLP
GREGORY A. MARKEL


_____
                    GREGORY A. MARKEL

One World Financial Center
New York, NY  10281
Telephone:  212/504-6000
212/504-6666 (fax)

Attorneys for Defendant Vicuron
Pharmaceuticals, Inc.

O'MELVENY & MYERS LLP
SETH ARONSON


_____
                    SETH ARONSON

400 South Hope Street
Suite 1060
Los Angeles, CA  90071-2899
Telephone:  213/430-6000
213/430-6407 (fax)

Attorneys for the Individual Defendants

C:\DOCUME~1\mabdo\LOCALS~1\Temp\MetaSave\(6820150)_(2)_Vicuron Stip.doc.DOC

- 25 -

EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re VICURON PHARMACEUTICALS, INC. SECURITIES LITIGATION | ) ) ) | Civ. Action No. 04-CV-2627 |
| | ) ) | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) ) | EXHIBIT A |

WHEREAS, this consolidated class action, entitled *In re Vicuron Pharmaceuticals, Inc. Securities Litigation*, Civ. Action No. 04-CV-2627 (the "Litigation") is pending before the Court;

WHEREAS, the Court has received the Stipulation of Settlement dated as of January 5, 2007 (the "Stipulation"), that has been entered into by the Lead Plaintiffs and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits; and

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

1.     The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.     A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2007, at _____ _.m., at the U. S. Courthouse, 601 Market Street, Philadelphia, PA 19106, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.12 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Plaintiffs' Counsel in the Litigation.  The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

3.      The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶4-5 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4.      Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      Defendants shall cooperate with Plaintiffs' Settlement Counsel and the Claims Administrator to provide transfer agent and Class Member information such that Notice may be provided to the Class;

(b)      Not later than fourteen (14) days after entry of this Order (the "Notice Date"), Plaintiffs' Settlement Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(c)      Not later than seven (7) days after the Notice Date, Plaintiffs' Settlement Counsel shall cause the Summary Notice to be published once in *Investors' Business Daily*; and

(d)      At least seven (7) calendar days prior to the Settlement Hearing, Plaintiffs' Settlement Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

5.      Nominees who purchased or otherwise acquired the securities of Vicuron during the period January 6, 2003 through May 24, 2004, inclusive, shall send the Notice and the Proof of Claim to all beneficial owners of such Vicuron securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Plaintiffs' Settlement Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Class Notice and Administration Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

6.      All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

7.      Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date.  Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

8.      Any Person who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

9.      Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Plaintiffs' Settlement Counsel.

10.      Any Member of the Class may appear and show cause, if he, she or it has any reason why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Plaintiffs' Counsel, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before _____, 2007, by: Ellen Gusikoff Stewart, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, California 92101; Gregory Markel, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281; and Seth Aronson, O'Melveny & Myers LLP, 400 South Hope Street, Suite 1060, Los Angeles, California 90071, and filed said objections, papers and briefs with the Clerk of the United States District Court for the Eastern District of Pennsylvania, on or before _____, 2007.  Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court.

11.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be fully distributed pursuant to the Stipulation and/or further order(s) of the Court.

12.     All papers in support of the settlement, the Plan of Allocation, and the application by Plaintiffs' Counsel for attorneys' fees or reimbursement of expenses shall be filed and served seven (7) calendar days before the Settlement Hearing.

13.     Neither Defendants nor their Related Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

14.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Settlement Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

15.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

16.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or their Related Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

17.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further

applications arising out of or connected with the proposed settlement. The Court may approve the

settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate,

without further notice to the Settlement Class.

DATED: _____         _____
                                        THE HONORABLE HARVEY BARTLE III
                                        CHIEF UNITED STATES DISTRICT JUDGE


Submitted by:

LAW OFFICES OF MAC S. HENZEL
MARC S. HENZEL (MSH 2062)
273 Montgomery Avenue, Suite 202
Bala Cynwyd, PA  19004
Telephone:  610/660-8000
610/660-8080 (fax)

Liaison Counsel

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
LAURA M. ANDRACCHIO
ELLEN GUSIKOFF STEWART
TED MINAHAN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
DAVID A. ROSENFELD


_____
          SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
LESLEY E. WEAVER
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

KRAKOW & SOURIS, LLC
AARON D. KRAKOW
225 Friend Street
Boston, MA  02114
Telephone:  617/723-8440
617/723-8443 (fax)

Counsel for Plaintiffs

S:\Settlement\Vicuron Pharm.set\(6820949)_(1)_Exhibit A.doc.DOC

EXHIBIT  A-1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re VICURON PHARMACEUTICALS, INC. SECURITIES LITIGATION | ) ) ) | Civ. Action No. 04-CV-2627 |
| | ) | NOTICE OF PENDENCY AND |
| This Document Relates To:<br><br>    ALL ACTIONS. | ) ) ) ) ) ) | PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING |
| | | EXHIBIT A-1 |

***IF YOU PURCHASED VICURON PHARMACEUTICALS, INC. SECURITIES BETWEEN JANUARY 6, 2003 AND MAY 24, 2004, YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.***

A federal court in the United States authorized this Notice. This is not a solicitation from a lawyer.

**Security and Time Period:** Vicuron Pharmaceuticals, Inc. ("Vicuron" or the "Company") securities purchased between January 6, 2003 and May 24, 2004 (the "Class Period").

**Settlement Fund:** $12,750,000 in cash. Your recovery will depend on type and amount of securities purchased and the timing of your purchases and any sales. Depending on the number of eligible shares that participate in the settlement and when those shares were purchased and sold, the estimated average recovery per share will be approximately $0.40 before deduction of Court-approved fees and expenses. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimants' recognized claim as compared to the total recognized claims of all Class Members who submit acceptable Proofs of Claim.

**Reasons for Settlement:** Avoids the costs and risks associated with continued litigation, including danger of no recovery.

**If the Case Had Not Settled:** Continuing with the case could have resulted in resolution at summary judgment or loss at trial. The two sides disagree on both liability and the amount of money that could have been won if Lead Plaintiffs prevailed at trial. The parties disagree about: (1) the method for determining whether Vicuron securities were artificially inflated during the relevant period; (2) the amount of any such inflation; (3) the extent that various facts alleged by Lead Plaintiffs were materially false or misleading; (4) the extent that various facts alleged by Lead Plaintiffs influenced the trading price of Vicuron securities during the relevant period; and (5) whether the facts alleged were material, false, misleading or otherwise actionable under the securities laws.

**Attorneys' Fees and Expenses:**  Court-appointed Lead Counsel in the Litigation will ask the Court for attorneys' fees not to exceed 25% of the Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $350,000.00 to be paid from the Settlement Fund.  If the above amounts are requested and approved by the Court, the average cost per share will be $0.15.  Plaintiffs' Counsel have not received any payment for their considerable work investigating the facts, conducting this Litigation and negotiating the settlement on behalf of the Lead Plaintiffs and the Class, and have advanced the expenses of the Litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery.  In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.

**Deadlines:**

Submit Claim: _____, 2007

Request Exclusion: _____, 2007

File Objection: _____, 2007

**Court Hearing on Fairness of Settlement:** _____, 2007

**More Information:**  www.gilardi.com or

Claims Administrator:                    Plaintiffs' Counsel:

*Vicuron Securities Litigation*          Rick Nelson
Claim Administrator                      Shareholder Relations
c/o Gilardi & Co. LLC                    Lerach Coughlin Stoia Geller
P.O. Box 8040                             Rudman & Robbins LLP
San Rafael, CA 94912-8040                655 West Broadway, Suite 1900
                                         San Diego, CA  92101

- Your legal rights are affected whether you act, or don't act.  Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

**SUBMIT A CLAIM FORM**      The only way to get a payment.

**EXCLUDE YOURSELF**      Get no payment. This is the only option that allows you to participate in another lawsuit against the Defendants and the other Released Persons relating to the legal claims in this case.

**OBJECT**      You may write to the Court if you don't like this settlement.

**GO TO A HEARING**      You may ask to speak in Court about the fairness of the settlement.

**DO NOTHING**      Get no payment. Give up rights.

- These rights and options — ***and the deadlines to exercise them*** — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

**BASIC INFORMATION**

**1.      Why Did I Get This Notice Package?**

You or someone in your family may have purchased securities of Vicuron between January 6, 2003 and May 24, 2004.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case in the United States District Court for the Eastern District of Pennsylvania, and the case is known as *In re Vicuron Pharmaceuticals, Inc. Securities Litigation*, Civ. Action No. 04-CV-2627. The people who sued are called Lead Plaintiffs, and the company and individuals they sued, Vicuron, George F. Horner III, Dov A. Goldstein, Timothy J. Henkel, Claudio Ouarta, David V. Milligan, Christopher T. Walsh, James H. Cavanaugh, Constantino Ambrosio, Ubaldo Livolsi and Francesco Parenti are called the Defendants.

2.    **What Is This Lawsuit About?**

Vicuron is a biopharmaceutical company and the Individual Defendants were at all relevant times officers or directors of Vicuron. This case was brought as a class action alleging that during the Class Period the Defendants issued false and misleading information to Vicuron's stockholders and the investing public about the results of clinical studies of Vicuron's lead drug candidate, Anidulafungin, as a potential treatment for esophageal candidiasis, a serious infection of the esophagus. As a result, Vicuron's stock traded at artificially high prices of up to $23.90 per share during the Class Period and the Company was able to raise $83 million in a secondary public offering. Lead Plaintiffs further allege that investors purchased Vicuron securities during the Class Period at prices artificially inflated as a result of Defendants' alleged misrepresentations, in violation of federal securities laws. Defendants deny that they did anything wrong. Defendants also deny the allegations that the Lead Plaintiffs or the Class have suffered damage, or that the price of Vicuron securities was artificially inflated by reasons of alleged misrepresentations, non-disclosures, or otherwise.

3.    **Why Is This a Class Action?**

In a class action, one or more people called class representatives (in this case the Lead Plaintiffs, Massachusetts State Guaranteed Annuity Fund, Massachusetts State Carpenters Pension Fund and Greater Pennsylvania Carpenters Pension Fund) sue on behalf of people who have similar claims. Here, all these people are called a Class or Class Members. Bringing a case, such as this

- 4 -

one, as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring in individual actions. One Court will resolve the issues for all Class Members except for those who exclude themselves from the Class. Judge Bartle is in charge of this class action.

**4.        Why Is There a Settlement?**

The Court did not decide in favor of Lead Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and eligible Class Members who make valid claims will get compensation. The Lead Plaintiffs and their attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Class Member.

**5.        How Do I Know if I Am Part of the Settlement?**

The Class includes ***all persons who purchased Vicuron securities between January 6, 2003 and May 24, 2004, except those persons and entities that are excluded, as described below.***

**6.        What Are the Exceptions to Being Included?**

You are not a Class Member if you are a Defendant, Pfizer Inc., a member of the immediate family of one of the Individual Defendants listed in question 1, an entity in which any Defendant is a trustee or has a controlling interest, members of their immediate families or Defendants' legal representatives, and any of their parents, subsidiaries, officers, directors, affiliates, legal representatives, heirs, predecessors, successors and assigns.

If you sold Vicuron securities between January 6, 2003 and May 24, 2004, that alone does not make you a Class Member. You are a Class Member only if you ***purchased*** Vicuron securities between January 6, 2003 and May 24, 2004.

**7.      I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help.  You can call Rick Nelson at 619/231-1058 for more information.  Or you can fill out and return the claim form described in question 10, to see if you qualify.

**THE SETTLEMENT BENEFITS — WHAT YOU GET**

**8.      What Does the Settlement Provide?**

Defendants have agreed to pay $12,750,000 in cash to be divided among all eligible Class Members who send in valid claim forms, after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice.

**9.      How Much Will My Payment Be?**

Your share of the fund will depend on the number of valid claim forms that Class Members send in and how many shares of stock you purchased during the relevant period and when you bought and sold them relative to all Class Members.  A claim will be calculated as follows:

**[INSERT PLAN OF ALLOCATION]**

The payment you get will reflect your *pro rata* share after deduction of Court-approved fees and expenses.  Depending on the number of eligible shares that participate in the settlement and when those shares were purchased and sold, the estimated average payment will be approximately $0.__ for each share before deduction of Court-approved fees and expenses.  The number of claimants who send in claims varies widely from case to case.  If fewer than anticipated Class Members send in claim forms, you could get more money.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based on each Authorized Claimant's recognized claim compared to the total recognized claims of all accepted claimants.  The recognized claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it

an estimate of the amount that will be paid to Authorized Claimants pursuant to the settlement. The recognized claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

In the event a Class Member has more than one purchase of Vicuron securities, all purchases and sales shall be matched on a first-in, first-out ("FIFO") basis, and Class Period sales will be matched first against any Vicuron securities held at the beginning of the Class Period and then against purchases in chronological order. A purchase or sale of Vicuron securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

To the extent a claimant had a gain from his, her or its overall transactions in Vicuron securities during the Class Period, the value of the recognized claim will be zero. To the extent that a claimant suffered an overall loss on his, her or its overall transactions in Vicuron securities during the Class Period, but that loss was less than the recognized claim calculated above, then the recognized claim shall be limited to the amount of the actual loss.

## HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM

### 10.    How Will I Get a Payment?

To qualify for payment, you must be an eligible Class Member and you must send in a claim form. A claim form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than _____, 2007.

### 11.    When Will I Get My Payment?

The Court will hold a hearing on _____, 2007, to decide whether to approve the settlement. If the Court approves the settlement, there may be an appeal. It is always uncertain whether these appeals can be resolved favorably to the Class, and resolving them can take time, perhaps several years. Everyone who sends in a claim form will be informed of the determination with respect to their claim. Please be patient.

12.      **What Am I Giving Up to Get a Payment or Stay in the Settlement Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants and their Related Parties about the same legal issues in this case.  It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against the Defendants and their Related Parties.  The terms of the release are included in the claim form that is enclosed.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same legal issues in this case, then you must take steps to get out of the Class.  This is called excluding yourself or is sometimes referred to as opting out of the Class.

13.      **How Do I Get Out of the Class?**

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from the Class.  Write to *In re Vicuron Pharmaceuticals, Inc. Securities Litigation*, Civ. Action No. 04-CV-2627, at the address below.  You must include your name, address, telephone number, your signature, and the number and type of shares of Vicuron securities you purchased or acquired between January 6, 2003 and May 24, 2004, the number and type of shares sold during this time period, if any, and the dates of such purchases and sales.  You must mail your exclusion request postmarked no later than _____, 2007 to:

> *Vicuron Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

You cannot exclude yourself on the phone or by e-mail.  If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.

- 8 -

**14.    If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No.  Unless you exclude yourself, you give up any right to sue the Defendants and their Related Parties for the claims resolved by this settlement.  If you have a pending lawsuit against any of the Defendants or their Related Parties, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is _____, 2007.

**15.    If I Exclude Myself, Can I Get Money from This Settlement?**

No.  If you exclude yourself, do not send in a claim form.  But, you may sue, continue to sue, or be part of a different lawsuit against the Defendants.

### THE LAWYERS REPRESENTING YOU

**16.    Do I Have a Lawyer in This Case?**

The Court asked the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP to represent you and other Class Members in the Litigation.

These lawyers are called Lead Counsel or Plaintiffs' Settlement Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.    How Will the Lawyers Be Paid?**

Plaintiffs' Settlement Counsel will ask the Court for attorneys' fees.  Counsel in the Litigation will request attorneys' fees of 25% of the Settlement Fund (a total average of $0.__ per share) and for reimbursement of their out-of-pocket expenses up to $350,000.00, which were advanced in connection with the Litigation.  Such sums as maybe approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' Settlement Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis.  To date, Plaintiffs' Settlement Counsel have not been

paid for their services for conducting this Litigation on behalf of the Lead Plaintiffs and the Class nor for their substantial out-of-pocket expenses. The fee requested will compensate Plaintiffs' Settlement Counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than this amount.

<strong>OBJECTING TO THE SETTLEMENT</strong>

You can tell the Court that you don't agree with the settlement or some part of it.

**18.    How Do I Tell the Court that I Don't Like the Settlement?**

If you are a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object in the Litigation, you must send a letter saying that you object to the settlement in *In re Vicuron Pharmaceuticals, Inc. Securities Litigation*, Civ. Action No. 04-CV-2627. Be sure to include your name, address, telephone number, your signature, the number of shares of Vicuron securities purchased and sold between January 6, 2003 and May 24, 2004, and the reasons you object to the settlement. Any objection to the settlement must be mailed or delivered such that it is received by each of the following no later than _____, 2007:

*Court:*

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
U.S. Court House
601 Market Street, Room 2609
Philadelphia, PA  19106-1797

*Lead Counsel for Plaintiffs in the Litigation:*

Ellen Gusikoff Stewart
LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

*Attorneys for Defendant Vicuron*:

Gregory Markel
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY  10281

*Attorneys for Individual Defendants:*

Seth Aronson
O'MELVENY & MYERS LLP
400 South Hope Street
Suite 1060
Los Angeles, CA  90071-2899

**19.    What's the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you don't like something about the settlement.  You can object ***only if*** you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you don't have to.

**20.    When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at _____ a.m., on _____, 2007, at the U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106-1710.  At the hearing the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Presiding Judge will listen to people who have asked to speak at the hearing.  The Court will also consider how much to pay to Plaintiffs' Counsel.  The Court may decide these issues at the hearing or take them under consideration.  We do not know how long these decisions will take.

**21.    Do I Have to Come to the Hearing?**

No.  Plaintiffs' Settlement Counsel will answer questions the Judge may have.  But, you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

**22.    May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter to the Court saying that it is your intention to appear at the hearing.  Be sure to include your name, address, telephone number, your signature, and the number and type of shares of Vicuron securities purchased between January 6, 2003 and May 24, 2004.  Your notice of intention to appear must be received no later than _____, 2007, by the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the addresses listed in question 18.  You cannot speak at the hearing if you exclude yourself from the Class.

**IF YOU DO NOTHING**

**23.    What Happens if I Do Nothing at All?**

If you do nothing, you'll get no money from this settlement.  But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the same legal issues in this case.

**GETTING MORE INFORMATION**

**24.    Are There More Details About the Settlement?**

This Notice summarizes the proposed settlement.  More details are in the Stipulation of Settlement dated as of January 5, 2007.  You can get a copy of the Stipulation of Settlement by writing to Rick Nelson, c/o Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 or from the Clerk's office at the United States District Court for the Eastern District of Pennsylvania, during regular business hours.

**25.    How Do I Get More Information?**

You can call 619/231-1058 or write to Rick Nelson, Shareholder Relations, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 or visit the Claims Administrator's website at www.gilardi.com.

***DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE***

**SPECIAL NOTICE TO NOMINEES**

If you hold any Vicuron securities purchased or acquired between January 6, 2003 and May 24, 2004 as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*Vicuron Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the

Claims Administrator (without cost to you) as many additional copies of these documents as you

will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the

mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable

administrative costs actually incurred or expected to be incurred in connection with forwarding the

Notice and which would not have been incurred but for the obligation to forward the Notice, upon

submission of appropriate documentation to the Claims Administrator.

DATED: _____, 2007          BY ORDER OF THE COURT
                                            UNITED STATES DISTRICT COURT
                                            EASTERN DISTRICT OF PENNSYLVANIA

S:\Settlement\Vicuron Pharm.set\(6820955)_(1)_Exhibit A1.doc.DOC

EXHIBIT A-2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re VICURON PHARMACEUTICALS, INC. SECURITIES LITIGATION | ) ) ) | Civ. Action No. 04-CV-2627 |
| | ) | PROOF OF CLAIM AND RELEASE |
| This Document Relates To: | ) ) | EXHIBIT A-2 |
| ALL ACTIONS. | ) ) ) | |

## I.     GENERAL INSTRUCTIONS

1.     To recover as a Member of the Class based on your claims in the action entitled *In re Vicuron Pharmaceuticals, Inc. Securities Litigation*, Civ. Action No. 04-CV-2627 (the "Litigation"), you must complete and, on page ____ hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation.

2.     Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3.     YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2007, ADDRESSED AS FOLLOWS:

> *Vicuron Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

If you are NOT a Member of the Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice"), DO NOT submit a Proof of Claim and Release form.

4.     If you are a Member of the Class, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.     DEFINITIONS

1.     "Defendants" means Vicuron, George F. Horner III, Dov A. Goldstein, Timothy J. Henkel, Claudio Quarta, David V. Milligan, Christopher T. Walsh, James H. Cavanaugh, Constantino Ambrosio, Ubaldo Livolsi and Francesco Parenti.

- 1 -

2.     "Released Persons" means each and all of the Defendants and each and all of their Related Parties.

III.     **CLAIMANT IDENTIFICATION**

1.     If you purchased or acquired Vicuron securities and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.     Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Vicuron securities which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE VICURON SECURITIES UPON WHICH THIS CLAIM IS BASED.

3.     All joint purchasers or acquirers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

IV.     **CLAIM FORM**

1.     Use Part II of this form entitled "Schedule of Transactions in Vicuron Securities" to supply all required details of your transaction(s) in Vicuron securities.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.     On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of Vicuron securities which took place at any time

- 2 -

beginning January 6, 2003 through May 24, 2004, inclusive (the "Class Period"), whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.     List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

4.     Broker confirmations or other documentation of your transactions in Vicuron securities should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

5.     The above requests are designed to provide the minimum amount of information necessary to process the most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses. In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at the Claimant's cost.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

*In re Vicuron Pharmaceuticals, Inc. Securities Litigation*

Civ. Action No. 04-CV-2627

PROOF OF CLAIM

Must be Postmarked No Later Than:

_____, 2007

Please Type or Print

PART I:        CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____          _____

City                                State          Zip Code

_____          _____

Foreign Province                    Foreign Country

_____          _____    Individual

Social Security Number or
Taxpayer Identification Number       _____    Corporation/Other

_____          _____ (work)

Area Code                           Telephone Number

_____          _____ (home)

Area Code                           Telephone Number

_____

Record Owner's Name (if different from beneficial owner listed above)

PART II:      SCHEDULE OF TRANSACTIONS IN VICURON SECURITIES

A.      Number and type of shares of Vicuron securities held at the beginning of trading on January 6, 2003:      Type of Security      _____
Number of Shares      _____

B.      Vicuron securities purchased or acquired (January 6, 2003 – May 24, 2004, inclusive):

| Trade Date Mo. Day Year | Type of Securities Purchased or Acquired | Number of Shares Purchased or Acquired | Total Purchase Price or Acquisition Price |
|---|---|---|---|
| 1. _____ | 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ | 3. _____ |

IMPORTANT:  Identify by number listed above all purchases in which you covered a "short sale": _____

C.      Vicuron securities sales (January 6, 2003 – May 24, 2004, inclusive):

| Trade Date Mo. Day Year | Type of Securities Sold | Number of Shares Sold | Total Sales Price |
|---|---|---|---|
| 1. _____ | 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ | 3. _____ |

D.      Number and type of shares of Vicuron securities held at close of trading on May 24, 2004:      Type of Security      _____
Number of Shares      _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.

## V.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement dated as of January 5, 2007 ("Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania with respect to my (our) claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (We are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to Plaintiffs' Settlement Counsel to support this claim if required to do so.  I (we) have not submitted any other claim covering the same purchases or sales of Vicuron securities during the Class Period and know of no other Person having done so on my behalf.

## VI.  RELEASE

1.      I hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge, all of the Released Claims against each and all of the Defendants and each and all of their "Related Parties," defined as Pfizer Inc., each of Pfizer Inc.'s and any Defendants' past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, attorneys, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of a Defendant's immediate family, or any trust of which any Defendant or Pfizer Inc. is the settlor or which is for the benefit of a Defendant's family.

2.      "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty

- 6 -

of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, by the Lead Plaintiffs or any Class Member against the Defendants or their Related Parties arising out of, based upon or related in any way to both the purchase of Vicuron securities by the Lead Plaintiffs or any Class Member during the Class Period, and the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were or could have been alleged in the Litigation. Released Claims also includes the claims which were alleged or which could have been alleged in the action entitled *Jonathan Meyers, derivatively on behalf of Vicuron Pharmaceuticals, Inc. v. George F. Horner, III, et al.*, Court of Common Pleas, Montgomery County, Pennsylvania, Case No. 04-19595.

3.      "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description which the Lead Plaintiffs or any Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor**.

The Lead Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead

Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiffs shall expressly fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

4.      This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Vicuron securities that occurred during the Class Period as well as the number and type of shares of Vicuron securities held by me (us) at the opening of trading on January 6, 2003, and at the close of trading on May 24, 2004.

SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number ("TIN") and Certification

PART I

NAME:_____

Check appropriate box:

☐   Individual/Sole Proprietor              ☐   Pension Plan
☐   Corporation       ☐   Partnership    ☐   Trust
☐   IRA               ☐   Other

     Enter TIN on appropriate line.

    o     For individuals, this is your Social Security Number ("SSN").

    o     For sole proprietors, you must show your individual name, but your may also enter your business or "doing business as" name.  You may enter either your SSN or your Employer Identification Number ("EIN").

    o     For other entities, it is your EIN.

_ _ _ - _ _ - _ _ _ _       or       _ _ - _ _ _ _ _ _ _
Social Security Number          Employer Identification Number

PART II

For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____

PART III

Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

    1.     The number shown on this form is my correct TIN; and

    2.     I (we) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

- 9 -

NOTE:        If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

*SEE* ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,
                                                      (Month/Year)

in _____, _____.
       (City)                                       (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A

SIGNIFICANT AMOUNT OF TIME.

THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.        Please sign the above release and declaration.

2.        Remember to attach supporting documentation, if available.

3.        Do not send original stock certificates.

4.        Keep a copy of your claim form for your records.

5.      If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.      If you move, please send us your new address.

S:\Settlement\Vicuron Pharm.set\(6820607)_(2)_Exhibit A2.doc.DOC

EXHIBIT A-3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re VICURON PHARMACEUTICALS, INC. SECURITIES LITIGATION | ) ) ) | Civ. Action No. 04-CV-2627 SUMMARY NOTICE |
| This Document Relates To: | ) ) ) | EXHIBIT A-3 |
| ALL ACTIONS. | ) ) ) | |

TO: ALL PERSONS WHO PURCHASED OR ACQUIRED VICURON PHARMACEUTICALS, INC. ("VICURON") SECURITIES BETWEEN JANUARY 6, 2003 AND MAY 24, 2004, INCLUSIVE

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Eastern District of Pennsylvania, that a hearing will be held on _____, 2007, at ____ _.m., before the Honorable Harvey Bartle III at the United States District Court, Eastern District of Pennsylvania, U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania, 19106-1710 for the purpose of determining (1) whether the proposed settlement of the claims in the Litigation for the sum of $12,750,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, this litigation should be dismissed with prejudice as set forth in the Stipulation of Settlement dated as of January 5, 2007 ("Stipulation"); (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (4) whether the application of Plaintiffs' Counsel for the payment of attorneys' fees and reimbursement of expenses incurred in connection with this Litigation should be approved.

If you purchased or otherwise acquired Vicuron securities during the period January 6, 2003 through May 24, 2004, inclusive, your rights may be affected by the settlement of this Litigation. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Vicuron Securities Litigation*, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040, or downloading them at www.gilardi.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release postmarked no later than _____, 2007, establishing that you are entitled to recovery.

If you desire to be excluded from the Class, you must submit a Request for Exclusion postmarked by _____, 2007, in the manner and form explained in the detailed Notice referred to

above.  All Members of the Class who have not requested exclusion from the Class will be bound by

any judgment entered in the Litigation pursuant to the Stipulation.

Any objection to the settlement must be mailed or delivered such that it is received by each

of the following no later than _____, 2007:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> EASTERN DISTRICT OF PENNSYLVANIA
> U.S. Court House
> 601 Market Street, Room 2609
> Philadelphia, PA  19106-1797
>
>
> *Lead Counsel for Plaintiffs in the Litigation*:
>
> LERACH COUGHLIN STOIA GELLER
>   RUDMAN & ROBBINS LLP
> ELLEN GUSIKOFF STEWART
> 655 West Broadway, Suite 1900
> San Diego, CA 92101
>
> *Counsel for Defendant Vicuron Pharmaceuticals, Inc.:*
>
> GREGORY MARKEL
> CADWALADER, WICKERSHAM & TAFT LLP
> One World Financial Center
> New York, NY  10281
>
> *Counsel for the Individual Defendants:*
>
> SETH ARONSON
> O'MELVENY & MYERS LLP
> 400 South Hope Street
> Suite 1060
> Los Angeles, CA  90071-2899

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING**

**THIS NOTICE.**  If you have any questions about the settlement, you may contact Lead Counsel at

the address listed above.

DATED: _____, 2007          BY ORDER OF THE COURT
                                              UNITED STATES DISTRICT COURT
                                              EASTERN DISTRICT OF PENNSYLVANIA

S:\Settlement\Vicuron Pharm.set\(6820662)_(2)_Exhibit A3.doc.DOC

- 3 -

EXHIBIT  B

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re VICURON PHARMACEUTICALS, INC. SECURITIES LITIGATION | ) ) ) | Civ. Action No. 04-CV-2627 |
| | ) ) | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH |
| This Document Relates To: | ) ) | PREJUDICE |
| ALL ACTIONS. | ) ) ) | EXHIBIT B |

This matter came before the Court for hearing pursuant to an Order of this Court, dated _____, 2007, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of January 5, 2007 (the "Stipulation").  Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.      Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Class, and as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiffs, the Class and each of the Class Members.  This Court further finds the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, the Class Members, and the Defendants.  Accordingly, the settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions.  The Settling Parties are hereby directed to perform the terms of the Stipulation.

5.      Upon the Effective Date, the Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

6.      All Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

7.      Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiffs, each and all of the Class Members and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

8.      The distribution of the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

9.      Any plan of allocation submitted by Plaintiffs' Settlement Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

10.    Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.   Defendants and/or their Related Parties may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

12.    The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13.    In accordance with § 21D(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(f)(7)(A), each of the Released Persons, by virtue of this Judgment, is discharged from all claims for contribution that have been or may hereafter be brought by any Person based upon, related to, or arising out of the Released Claims.

14.    In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

DATED: _____    _____
                                    THE HONORABLE HARVEY BARTLE III
                                    CHIEF UNITED STATES DISTRICT JUDGE


Submitted by:

LAW OFFICES OF MAC S. HENZEL
MARC S. HENZEL (MSH 2062)
273 Montgomery Avenue, Suite 202
Bala Cynwyd, PA  19004
Telephone:  610/660-8000
610/660-8080 (fax)

Liaison Counsel

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
LAURA M. ANDRACCHIO
ELLEN GUSIKOFF STEWART
TED MINAHAN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
DAVID A. ROSENFELD


_____
           SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
LESLEY E. WEAVER
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

KRAKOW & SOURIS, LLC
AARON D. KRAKOW
225 Friend Street
Boston, MA  02114
Telephone:  617/723-8440
617/723-8443 (fax)

Counsel for Plaintiffs

S:\Settlement\Vicuron Pharm.set\(6820753)_(2)_Exhibit B.doc.DOC

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 30, 2007, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system which will send notification of such filing to the e-mail

addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have

mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

participants indicated on the attached Manual Notice List.


s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

LERACH COUGHLIN STOIA GELLER
        RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:Elleng@lerachlaw.com

# Mailing Information for a Case 2:04-cv-02627-HB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **JAY A. DUBOW**
  jdubow@wolfblock.com

- **DEBORAH R. GROSS**
  debbie@bernardmgross.com

- **SEAN M. HANDLER**
  shandler@sbclasslaw.com

- **MARC S. HENZEL**
  mhenzel182@aol.com

- **STACEY A. LARA**
  stacy.lara@cwt.com greg.markel@cwt.com;michael.abdo@cwt.com

- **ROBYN D. LEVITAN**
  rlevitan@wolfblock.com

- **RICHARD A. MANISKAS**
  rmaniskas@sbclasslaw.com

- **GREGORY A. MARKEL**
  greg.markel@cwt.com

- **SHERRIE R. SAVETT**
  ssavett@bm.net mgatter@bm.net;sdavis@bm.net

- **BRIAN J. SLIPAKOFF**
  bslipakoff@wolfblock.com

- **ANASTASIA SMITH**
  asmith@omm.com

- **EVAN J. SMITH**
  esmith@brodsky-smith.com

- **TRISTAN SORAH-REYES**
  tsorahreyes@omm.com

- **ARTHUR STOCK**
  astock@bm.net smoseley@bm.net

- **MARC S. WILLIAMS**

mawilliams@omm.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**SETH ARONSON**
O'MELVENY & MYERS LLP
400 S. HOPE ST.
LOS ANGELES, CA 90071

**JASON L. BRODSKY**
BRODSKY & SMITH LLC
2 BALA PLAZA
STE 602
BALA CYNWYD, PA 19004

**DAVID I. HURWITZ**
O'MELVENY & MYERS LLP
400 SOUTH HOPE ST
LOS ANGELES, CA 90071

**JEFFREY W. KILDUFF**
O'MELVENY & MYERS
1625 EYE ST. NW
WASHINGTON, DC 20006

**LIANA LARSON**
LEARCH COUGHLIN STOIA GELLER RUDMAN & ROBBINS
401 B STREET SUITE 1600
SAN DIEGO, CA 92101

**WILLIAM S. LERACH**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
655 WEST BROADWAY
SUITE 1900
SAN DIEGO, CA 92101

**NICHOLAS J. LICATO**
LERACH COUGHLIN STOIA & ROBBINS LLP
401 B STREET
SUITE 1700
SAN DIEGO, CA 92101

**TED MINAHAN**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
401 B STREET
SUITE 1600
SAN DIEGO, CA 92101

**ROBERT ROTHMAN**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS
58 SOUTH SERVICE ROAD
SUITE 200
MELVILLE, NY 11747

**SAMUEL H. RUDMAN**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS
200 BROADHOLLOW ROAD
SUITE 406
MELVILLE, NY 11706

**ELLEN GUSIKOFF STEWART**
LERARCH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
655 WEST BROADWAY
SUITE 1900
SAN DIEGO, CA 92101

**LESLIE WEAVER**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS
100 PINE ST. STE 2600
SAN FRANCISCO, CA 94111

**ROBIN WINCHESTER**
SCHIFFRIN & BARROWAY LLP
280 KING OF PRUSSIA RD
RADNOR, PA 19087-5108