

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: VICURON PHARMACEUTICALS, INC. SECURITIES LITIGATION | CIVIL ACTION NO. 04-2627 |
| This Document Is Also Related to:<br><br>CIVIL ACTION NOS. 04-2685, 04-2708, 04-2745, 04-3365, and 04-3422 | FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |



FILED

MAY 17 2007

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

This matter came before the Court for hearing pursuant to an Order of this Court, dated February 1, 2007, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of January 5, 2007 (the "Stipulation"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Class, and as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiffs, the Class and each of the Class Members. This Court further finds the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, the Class Members, and the Defendants. Accordingly, the settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5. Upon the Effective Date, the Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

6. All Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

7. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiffs, each and all of the Class Members and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

8. The distribution of the Notice of Pendency and Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

9. Any plan of allocation submitted by Plaintiffs' Settlement Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

10. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and/or their Related Parties may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

12. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13. In accordance with § 21D(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(f)(7)(A), each of the Released Persons, by virtue of this Judgment, is discharged from all claims for contribution that have been or may hereafter be brought by any Person based upon, related to, or arising out of the Released Claims.

14. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

DATED: May 17, 2007

_____
THE HONORABLE HARVEY BARTLE III
CHIEF UNITED STATES DISTRICT JUDGE

S:\Settlement\Vicuron Pharm.set\JGT 00041385.DOC

**ENTERED**

MAY 1 7 2007

**CLERK OF COURT**

5/17/07 mail:
Aronson Winckler
Larson Brodsky

VPHM-
EXCL00001*

ANY OF THE WEST

RECEIVED DDS

MAR 3 0 2007

T.S.

MARGARET A. JONES
ASSISTANT VICE PRESIDENT

March 27, 2007

Vicuron Securities Litigation
Claim Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

Re: IFIN, LP-MC and CHARITABLE REM-MC
Mr. & Mrs. Jon Kayyem

Jon Kayyem (IFIN, LP and CHARITABLE REM-MC) request exclusion from the *In re Vicuron Pharmaceuticals, Inc. Securities Litigation, Civ. Action No. 04-CV-2627 class action*

Signed by: *Margaret Jones*
Margaret Jones

*Trust Company of the West as Custodian for IFIN, LP-MC -
CHARITABLE REM-MC -*     and HI

List of Transactions:

| TCW Account Number | TCW Account Name | CUSIP | Trans. | Trade Date | Base Unit Price | Shs | Total Dollar Amount | Cust. Bank | Custodian Account Number |
|---|---|---|---|---|---|---|---|---|---|
|  | IFIN, LP-MC | 926471103 | Buy | 03/30/04 | 22.16 | 100 | (2,216.01) | IB T |  |
|  | IFIN, LP-MC | 926471103 | Buy | 03/31/04 | 22.63 | 95 | (2,149.65) | IB T |  |
|  | IFIN, LP-MC | 926471103 | Buy | 03/31/04 | 22.72 | 50 | (1,135.75) | IB T |  |
|  | IFIN, LP-MC | 926471103 | Buy | 04/02/04 | 22.94 | 5 | (114.70) | IB T |  |
|  | IFIN, LP-MC | 926471103 | Buy | 04/13/04 | 22.13 | 100 | (2,213.32) | IB T |  |
|  | IFIN, LP-MC | 926471103 | Buy | 04/14/04 | 22.44 | 100 | (2,243.61) | IB T |  |
|  | IFIN, LP-MC | 926471103 | Buy | 04/15/04 | 22.63 | 70 | (1,583.92) | IB T |  |

Exhibit 1

1

Jon Kayyem (IFIN, LP and CHARITABLE REM-MC) request exclusion from the In re Vicuron Pharmaceuticals, Inc. *Securities Litigation, Civ. Action No. 04-CV-2627 class action*

| TCW Account Number | TCW Account Name | CUSIP | Trans. | Trade Date | Base Unit Price | Shs | Total Dollar Amount | Cust. Bank | Custodian Account Number |
|---|---|---|---|---|---|---|---|---|---|
| | HI CHARITABLE REM-MC | 926471103 | Buy | 03/30/04 | 22.16 | 100 | (2,216.01) | IB T | |
| | HI CHARITABLE REM-MC | 926471103 | Buy | 03/31/04 | 22.63 | 95 | (2,149.65) | IB T | |
| | HI CHARITABLE REM-MC | 926471103 | Buy | 03/31/04 | 22.72 | 55 | (1,249.32) | IB T | |
| | HI CHARITABLE REM-MC | 926471103 | Buy | 04/02/04 | 22.94 | 5 | (114.70) | IB T | |
| | HI CHARITABLE REM-MC | 926471103 | Sell | 04/08/04 | 22.74 | -30 | 682.20 | IB T | |
| | HI CHARITABLE REM-MC | 926471103 | Buy | 04/13/04 | 22.13 | 100 | (2,213.32) | IB T | |
| | HI CHARITABLE REM-MC | 926471103 | Buy | 04/14/04 | 22.44 | 100 | (2,243.61) | IB T | |
| | HI CHARITABLE REM-MC | 926471103 | Buy | 04/15/04 | 22.63 | 45 | (1,018.24) | IB T | |

00001    2/5

2

Feb 20 2007 7:09AM   Kayyem                                                    p.1

February 20, 2007

Rosa Gutierrez
TCW

Re: IFIN, LP – Tax ID
    Kayyem Living Trust – Tax ID
    BJ CRUT – Tax ID

Dear Rosa,

Please be advised that IFIN, LP, Kayyem Living Trust, and BJ CRUT do not wish to participate in any class action lawsuits related to their securities held in their TCW accounts, past or present. Please let this letter serve as standing notice not to participate in them at any time for the above referenced accounts.

Thank you for your attention to this matter.

Sincerely,

Jon Falz Kayyem

Cc: Kerrie Riker, Acacia Wealth Advisors, LLC

00001  3/5

## Jones, Margaret

**From:** McCarthy, Michael P.
**Sent:** Wednesday, March 14, 2007 1:02 PM
**To:** Jones, Margaret; Class Action Desk; MW-GSS-Regulatory Reporting
**Cc:** Stokes, Karen
**Subject:** RE: Exclusion From All Class Actions Request

Hi Margaret,

We will have those accounts excluded from our database and we will not file for any actions going forward.

Thank you,

Mike McCarthy
**Class Actions**

---

**From:** Jones, Margaret
**Sent:** Wednesday, March 14, 2007 4:01 PM
**To:** Class Action Desk; MW-GSS-Regulatory Reporting
**Cc:** Jones, Margaret; Stokes, Karen
**Subject:** Exclusion From All Class Actions Request
**Importance:** High

Per the attached request, do not file any class action claims on behalf of the following accounts. Please confirm that the followings accounts will be excluded from all class actions.

| | | | |
|---|---|---|---|
| **PF #:** | | | |
| **A/C No:** | | | |
| **Portfolio Name:** | IFIN, LP-CC | IFIN, LP | IFIN, LP |
| **Tax ID:** | | | |
| **Contact Name:** | Mr. & Mrs. Jon Kayyem | Mr. & Mrs. Jon Kayyem | Mr. & Mrs. Jon Kayyem |
| **Address** | | | |
| **Telephone No.** | | | |
| **PF #:** | | | |
| **A/C No:** | | | |
| **Portfolio Name:** | HI CHARITABLE REM | HI CHARITABLE REM-MC | |
| **Tax ID:** | | | |
| **Contact Name:** | Mr. & Mrs. Jon Kayyem | Mr. & Mrs. Jon Kayyem | |
| **Address** | | | |
| **Telephone No.** | | | |
| **PF #:** | | | |
| **A/C No:** | | | |
| **Portfolio Name:** | KAYYEM FAMILY TRUST | | |
| **Tax ID:** | | | |
| **Contact Name:** | Mr. & Mrs. Jon Kayyem | | |

**Address**

**Telephone No.**

Thank you very much for your assistance in this matter.

Sincerely,
-Margaret Jones

---

Margaret Jones  |  AVP  |  Trust Company of the West  |
phone:            |  fax:            |  email:


Attention: This email is intended for the sole use of the intended recipient(s) and may contain confidential or privileged information. No one is authorized to copy or re-use this email or any information contained in it. If you are not the intended recipient, we request that you please notify us by reply email and destroy all copies of the message and any attachments. Thank you for your cooperation.

00001    5/5




**FROM:** MARGARET JONES
TRUST COMPANY OF THE WEST

**TO:** ~~XXXXXXXXXXXXXXXXXXXXXXXXXX~~
Vicuron Securities Litigation
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

RECEIVED MAR 30 2007 T.S.

EXCL00002

Litigation
rx07

RECEIVED DOS
APR 1 0 2007
T.S.

Please _exclude_ me from the class=
Vicuron Pharmaceuticals Inc. Securities
Litigation, Civ Action No. 04-CV-2627

I purchased Vicuron (AKA micu)

#300  06-17-03 @ 14.94 per share

I sold
#100 @ 17.85  11-23-04

and I sold
#200 @ 28.00  6-23-05

So, I made a decent profit and have
no reason to join your suit.

— K. Van Vranken
Krista Van Vranken




VPHM1

Vicuron Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 2, 2007.

      s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)
E-mail:EllenG@lerachlaw.com

# Mailing Information for a Case 2:04-cv-02627-HB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **JAY A. DUBOW**
  dubowj@pepperlaw.com

- **DEBORAH R. GROSS**
  debbie@bernardmgross.com

- **SEAN M. HANDLER**
  shandler@sbclasslaw.com

- **MARC S. HENZEL**
  mhenzel182@aol.com

- **STACEY A. LARA**
  stacy.lara@cwt.com,michael.abdo@cwt.com,greg.markel@cwt.com

- **ROBYN D. LEVITAN**
  rlevitan@wolfblock.com

- **RICHARD A. MANISKAS**
  rmaniskas@sbclasslaw.com

- **GREGORY A. MARKEL**
  greg.markel@cwt.com

- **SHERRIE R. SAVETT**
  ssavett@bm.net,sdavis@bm.net,mgatter@bm.net

- **BRIAN J. SLIPAKOFF**
  bslipakoff@wolfblock.com

- **ANASTASIA SMITH**
  asmith@omm.com

- **EVAN J. SMITH**
  esmith@brodsky-smith.com

- **TRISTAN SORAH-REYES**
  tsorahreyes@omm.com

- **ELLEN GUSIKOFF STEWART**
  elleng@lerachlaw.com,E_file_sd@lerachlaw.com,kristia@lerachlaw.com,jstark@lerachlaw.com

- **ARTHUR STOCK**

astock@bm.net,smoseley@bm.net

- **MARC S. WILLIAMS**
  mawilliams@omm.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
SETH ARONSON
O'MELVENY & MYERS LLP
400 S. HOPE ST.
LOS ANGELES, CA 90071

JASON L. BRODSKY
BRODSKY & SMITH LLC
2 BALA PLAZA
STE 602
BALA CYNWYD, PA 19004

DAVID I. HURWITZ
O'MELVENY & MYERS LLP
400 SOUTH HOPE ST
LOS ANGELES, CA 90071

JEFFREY W. KILDUFF
O'MELVENY & MYERS
1625 EYE ST. NW
WASHINGTON, DC 20006

LIANA LARSON
LEARCH COUGHLIN STOIA GELLER RUDMAN & ROBBINS
401 B STREET SUITE 1600
SAN DIEGO, CA 92101

WILLIAM S. LERACH
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
655 WEST BROADWAY
SUITE 1900
SAN DIEGO, CA 92101

NICHOLAS J. LICATO
LERACH COUGHLIN STOIA & ROBBINS LLP
401 B STREET
SUITE 1700
SAN DIEGO, CA 92101

TED MINAHAN
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
401 B STREET
SUITE 1600
SAN DIEGO, CA 92101

ROBERT ROTHMAN
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS
```

58 SOUTH SERVICE ROAD
SUITE 200
MELVILLE, NY 11747

**SAMUEL H. RUDMAN**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS
200 BROADHOLLOW ROAD
SUITE 406
MELVILLE, NY 11706

**LESLIE WEAVER**
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS
100 PINE ST. STE 2600
SAN FRANCISCO, CA 94111

**ROBIN WINCHESTER**
SCHIFFRIN & BARROWAY LLP
280 KING OF PRUSSIA RD
RADNOR, PA 19087-5108

**Manual Notice**

Aaron D. Krakow
Krakow & Souris, LLC
225 Friend Street
Boston, MA 02114
  617/723-8440
  617/723-8443 (Fax)

James F. Grosso
O'Reilly Grosso & Gross, P.C.
1671 Worcester Road, Suite 205
Framingham, MA 01701-5400
  508/620-0055
  508/629-7655 (Fax)